ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

EVAN M. MATEER (CABN 326848)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Evan.mateer@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT BROWN,<br><br>    Defendant. | CASE NO. 4:24-CR-0024-AMO<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM**<br><br>Court: Araceli Martínez-Olguín<br>Date: July 8, 2024<br>Time: 2:00 PM. |

GOVERNMENT SENTENCING MEMO
CASE NO. 4:24-CR-0024-AMO

## I.    INTRODUCTION

On March 18, 2024, the defendant Robert Brown plead guilty to a two count Information charging him with violations of 18 U.S.C. § 922(g)(1) – Felon in Possession of Ammunition (Count One); and 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute Methamphetamine (Counts Two). The plea was entered pursuant to a negotiated agreement between the parties, in which the government and Brown agreed that an appropriate sentence is 84 months imprisonment.  The Court has reserved decision on whether to accept the binding plea agreement.  For the reasons outlined below, the Court should accept the parties negotiated plea agreement and sentence Brown to 84 months in prison.

## II.   OFFENSE CONDUCT AND BACKGROUND

### A.    On August 18, 2022, Robert Brown was arrested in possession of firearms, ammunition, and narcotics

On August 18, 2022, officers with the Antioch Police Department (APD) stopped Robert Brown's vehicle after he was observed speeding and failing to yield by officers from the Contra Costa County Sheriff's Office (CCCSO).  PSR ¶6–7.  The APD officers detained Brown, and then turned over the investigation to the CCCSO deputies.  PSR ¶8.  One of the CCCSO deputies was a K9 officer, and she had a police dog trained to detect narcotics.  The K9 officer walked the police dog to the driver side of the vehicle, where the door had been left open when Brown got out of the car.  Without being commanded to do so, the police dog jumped through the open door and alerted on the center console.

Deputies searched the center console and located three plastic bags containing suspected methamphetamine and two cellphones.  PSR ¶8.  A further search of the vehicle revealed two gallon size bags containing suspected methamphetamine; two sandwich size baggies of suspected heroin; one sandwich bag of suspected fentanyl pills; one black, non-serialized .22 caliber privately manufactured handgun loaded with 10 rounds of .22 caliber Cascade Cartridges ammunition; one beige, non-serialized 9mm privately manufactured handgun loaded with three rounds of Federal Cartridge Company ammunition; one black firearm silencer; a black firearm holster; a digital scale; and two magnetic containers.[1]  PSR ¶8.  Deputies also seized $1,057 in cash.  PSR ¶8.  Brown was arrested.  PSR ¶8.

---

[1] The drugs were later sent to the Contra CCCSO Forensic Services Division for analysis. They determined there was 771.561 grams (net) of methamphetamine; 45.939 grams (net) of heroin; and 1,382 pills, three of which were tested and determined to contain fentanyl.  PSR ¶9.  The two firearms seized were also submitted to the Forensic Services Division to be swabbed for DNA. A DNA mixture

GOVERNMENT SENTENCING MEMO
4:24CR-00024-AMO                                          1

**B.    On December 1, 2022, officers searched Robert Brown's workshop and seized additional firearms, ammunition, and narcotics**

On December 1, 2022, CCCSO deputies searched Brown's workshop in Pittsburg, California. Deputies located approximately 169 grams of methamphetamine; a black, non-serialized 9mm privately manufactured handgun loaded with 11 rounds of assorted 9mm ammunition; suspected blue "M-30" pills; a digital scale with white residue on it; one .40 caliber round of Winchester ammunition; and $4,043 in cash. PSR ¶12. DNA testing of the handgun provided strong support that Brown was a contributor of DNA. PSR ¶14.

**C.    On June 8, 2023, Robert Brown is arrested in possession of more firearms, ammunition, firearms parts, and narcotics.**

On June 1, 2023, the Honorable Donna M. Ryu, Chief United States Magistrate Judge, signed a criminal complaint and arrest warrant charging Robert Brown with violations of 18 U.S.C. 922(g)(1). Dkt. 1. On June 8, 2023, Brown was driving his vehicle when he was stopped and arrested pursuant to that warrant. PSR ¶15. Deputies also had a state search warrant for his vehicle, which they executed. They located three bags of unknown pills; a disassembled Bryco Arms Handgun, serial number 1369512; a package of various calibers of live ammunition; three handgun barrels; $1,000 in cash; approximately one pound of methamphetamine in a Ziplock bag; 13 small bottles of suspected steroids; a bag of approximately 6.5 grams of methamphetamine; a black Glock 23 handgun, serial number KWE895, which was fitted with a switch to allow the pistol to fire fully automatically; and a firearm suppressor. PSR ¶15.

Robert Brown waived indictment, and on January 18, 2024, a two-count information was filed charging him with violations of 18 U.S.C. § 922(g)(1) – Felon in Possession of Ammunition (Count One); and 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute Methamphetamine (Counts Two). A Forfeiture Allegation was filed pursuant to 21 U.S.C. § 853(a), 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c). On March 18, 2024, pursuant to a plea agreement with the government, Brown plead guilty to both counts of the Information. The plea agreement was entered into pursuant to Rule 11 (c)(1)(C) and makes a recommendation of 84 months in prison, which will be binding if the Court accepts

---

of at least five contributors was obtained from the 9mm handgun and it was not suitable for comparison to Brown's DNA due to the number of contributors. A DNA mixture of four individuals was obtained from the .22 caliber handgun and it was determined that there was a very strong support that Brown was a contributor to the DNA mixture. PSR ¶10.

GOVERNMENT SENTENCING MEMO
4:24CR-00024-AMO                                    2

the agreement.  The Court reserved decision on whether to accept the plea agreement until the sentencing hearing.

## III.    THE SENTENCING GUIDELINES CALCULATION

The PSR calculates the offense level as follows (PSR ¶¶ 20-31):

Count 1

| | | |
|---|---|---|
| a. | Base Offense Level, U.S.S.G. 2K2.1(a)(1) | 26 |
| b. | Specific offense characteristics under U.S.S.G. Ch. 2 §2K2.1(b)(6) (*possession of firearms in connection with drug trafficking offense)* | + 4 |
| c. | Adjusted offenses level for Count 1 | 30 |

Count 2

| | | |
|---|---|---|
| d. | Base Offense Level, U.S.S.G. 2D1.1(a)(5) | 30 |
| e. | Specific Offense Characteristics under U.S.S.G. Ch 2 §2D1.1(b)(2) (*possession of a deadly weapon*) | +2 |
| f. | Adjusted offense level for Count 2 | 32 |

Grouping

| | | |
|---|---|---|
| g. | Counts 1 and 2 group together as closely related counts. *See* §3D1.2(c) | |
| h. | Acceptance of Responsibility: | - 3 |
| i. | Total Offense Level: | 29 |

Because he is a career offender, the PSR calculates Brown as being in Criminal History Category of VI.  PSR ¶ 45.  The applicable sentencing guidelines range for Offense Level 29 and CHC VI is 151-188 months.  The government agrees with the PSR's calculation of Brown's offense level and Criminal History Category.

## IV.    SENTENCING RECOMMENDATION

### A.  Legal Standard

The United States Sentencing Guidelines serve as "the starting point and the initial benchmark" of any sentencing process and are to be kept in mind throughout the process.  *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007).  The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient,

but not greater than necessary." *Carty*, 520 F.3d at 991 (citation omitted).  In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include:

> (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)    the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (3)    the need for the sentence imposed to afford adequate deterrence to criminal conduct; and
>
> (4)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

**B.  A Sentence of 84 Months Imprisonment is Sufficient but Not Greater than Necessary**

The government recommends a sentence of 84 months imprisonment.  This substantial sentence is sufficient but not greater than necessary to account for Brown's offenses.  Brown's possession of large amounts of narcotics and numerous firearms undoubtably put the community at danger for both the harm intrinsic to the use of dangerous drugs, and the firearms violence that so often accompanies drug dealing.  Brown's offenses were also flagrant, continuing even after he had been twice contacted by police officers in August and December 2022.  The brazenness of the continued illegal conduct underscores the need to promote respect for the law, and so also supports the substantial sentence recommended by the parties.

While 84 months is a significant term of imprisonment, it is also a substantial variance from the applicable sentencing guidelines.  This variance is justified by the other 3553 factors.  First, Brown agreed to accept responsibility and plead guilty early and before the case had been indicted.  By doing so, Brown saved judicial and government resources that otherwise would have been spent presenting the case to the grand jury, litigating this case in district court (including likely substantial motions practice and jury trial), and litigating any appeals.  Second, as the probation officer noted in the PSR, Brown's history and characteristics contain several mitigating factors, including a traumatic upbringing and substance abuse issues.  This traumatic past includes being sexually abused when he was 6 and shot when he was 16 years old.  These traumatic incidents have resulted in challenges with anxiety, depression, and substance abuse, which contributed to the conduct in this case.  Finally, it is notable that Brown has only one previous sentence of similar length to the recommended 84-month sentence, and that this term was served more

GOVERNMENT SENTENCING MEMO
4:24CR-00024-AMO                                 4

than 15 years ago.  The government therefore believes that the recommended 84-month term will be sufficient to deter Brown from similar conduct in the future.

## V.      CONCLUSION

For the foregoing reasons, the United States recommends that the Court sentence the defendant to 84-months' imprisonment, 3 years' supervised release, and a special assessment.

DATED:  July 1, 2024                                     Respectfully submitted,

                                                          ISMAIL J. RAMSEY
                                                          United States Attorney

                                                          */s/ Evan M. Mateer*
                                                          EVAN M. MATEER
                                                          Assistant United States Attorney

GOVERNMENT SENTENCING MEMO
4:24CR-00024-AMO                                          5